IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRAVIS RHODES, et al.,

        Plaintiffs,

v.                                CIVIL ACTION NO.  2:19-cv-00626

DEPUTY SHERIFF MICHAEL KING, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the parties' Joint Motion to Consolidate Discovery pursuant to Federal Rule of Civil Procedure 42.  (ECF No. 50.)   The parties have represented that this matter "share[s] highly correlated claims" and "will require extensive overlapping discovery efforts" with *Fields, et al. v. King, et al.*, Civil Action Number 2:21-cv-00090.  (*Id.* at 3–4.)  Therefore, because these cases involve common questions of law and fact, the parties have requested that this Court "consolidate these proceedings for the limited purpose of engaging in coordinated discovery efforts . . . while maintaining separate trials."   (*Id.* at 4–5.)

"If actions before the court involve common questions of law or fact," Rule 42(a) permits a court to "join for hearing or trial any or all matters at issue in the actions; consolidate the actions; or issue any other orders to avoid unnecessary cost or delay."   The Fourth Circuit has determined that district courts are in a superior position to determine "how best to structure similar pieces of litigation," and thus provide district courts with broad discretion under Rule 42.  *Gilco v. Hunter*, Civ. Action Nos. 2:11–0032, 2:11–0033, 2:11–0034, 2011 WL 3882816 at *1 (citing *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir.1977) ("District

courts have broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district.").

Nonetheless, the Fourth Circuit has provided guidance for the district courts in the exercise of that discretion, as follows:

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

Here, the Court is unaware of any significant burden consolidation of discovery efforts may impose upon the parties, witnesses, or judicial resources. In truth, consolidation of discovery efforts in these related actions would appear to alleviate the additional burdens upon the parties, witnesses, and judicial resources that may otherwise occur in these actions. Moreover, and as the parties have represented, consolidation of discovery efforts will likely allow a quicker resolution in each case by alleviating duplicative efforts. (*See* ECF No. 50 at 3–4.)

Based upon the foregoing, a limited consolidation is appropriate. *See also Harris v. L & L Wings, Inc.,* 132 F.3d 978, 981 (4th Cir.1997) (noting Rule 42(a) "approves consolidation of actions that involve a 'common question of law or fact' " and further stating: "These claims, brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet this standard.").

Accordingly, the Court **ORDERS** that the above-styled action shall be consolidated for the limited purpose of conducting discovery. Because these cases involve distinct shootings and injuries, however, all pretrial hearings, motions, and trial of these matters shall remain separate.

Pursuant to this order, the parties shall participate in a joint Rule 26(f) conference by **May 10, 2021**, to facilitate necessary planning for this consolidated discovery and shall participate in the telephonic scheduling conference currently set in the *Fields* matter on M**ay 21, 2021, at 2:30 p.m**., unless cancelled.  Following the parties' Rule 26(f) conference and scheduling conference, the Court shall issue separate but coordinated scheduling orders to reflect the consolidated discovery.

    **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    April 2, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE